FIRST FEDERAL SAVINGS & LOAN ASSN. v LEDERMEIER, JR., et

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5974. Decided Feb. 16, 1942.

Lorbach & Carver, Cincinnati for appellee.

Leonard H. Freiberg, Cincinnati for appellant.

## OPINION

BY THE COURT:

This is an appeal on law and fact presenting the issue of priority between the mortgagee and a mechanic's lienholder.

The plaintiff, the mortgagee, bases its claim to priority upon a construction mortgage.

The defendant mechanic's lienholder, The A. M. Lewin Lumber Company, bases its claim to a lien upon furnishing material, and the taking of the necessary proceedings under the statute to obtain the lien.

The controversy relates to the disbursement of the money secured by the mortgage. The mechanic's lienholder contends that the mortgagee failed to comply with the provisions of §8321-1 GC, essential to the preservation of its priority. Specifically, it is contended that as the owner was also the builder, no money could be paid him for disbursement to laborers except on his written order or certification, and as no such writing was obtained this invalidated the priority which the mortgagee would otherwise be entitled to.

In Knollman Lumber Co. v. Hillenbrand, 64 Oh Ap, 549, we analyzed §8321-1 GC and stated our opinion as to its meaning. We need not repeat here what was said there. More recently, we considered the application of that section to a different set of facts in First Federal Savings & Loan Association v. Robbins. We believe those two cases dispose of all the contentions in this case.

The real estate has been sold.

Without giving the mortgagee credit for any payments for labor, the disbursements to materialmen and contractors and prior liens exceed the amount of the proceeds of sale. No matter how we would decide the issue as to the money paid to the owner, to be used by him to pay laborers, we would still find the construction mortgage was a prior lien for more than the balance of the proceeds of sale. We do so find. The issue, therefore, is moot as to money paid the owner for labor.

A decree may be prepared according to this opinion.

MATHEWS, PJ, HAMILTON & ROSS, JJ, concur.